IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL DAVIS, | ) | |
| ID # 27799-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:07-CV-1995-P |
| vs. | ) | No. 3:01-CR-0323-P (03) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Vacate, Set Aside, or Correct Sentence brought by movant pursuant to 28 U.S.C. § 2255. The respondent is the United States of America ("the government").

### I. BACKGROUND

In a twenty-three count indictment filed October 17, 2001, the government charged movant and two codefendants (husband and wife Robbie Lesa Hames and Charles Williams Hames collectively referred to as "the Hameses") with various offenses.[1] (Indictment, doc. 1.)[2] On October 22, 2001, movant was arrested and initially appeared before the Court on the charges against him.[3]

---

[1] Although not all charges are asserted against each defendant, the indictment charges a conspiracy in violation of 18 U.S.C. § 371 predicated on violations of §§ 1001, 1341, 1347, 1516(a), and 1518 (Count 1); health care fraud in violation of § 1347 (Counts 2 and 3); mail fraud in violation of § 1341 (Count 4); false statements in violation of § 1001 (Counts 5 though 9); obstruction of federal audit in violation of §§ 1516 (Counts 10-12) and 1518 (Count 13); money laundering in violation of § 1956 (Counts 14 through 20); and engaging in monetary transaction in property derived from specified unlawful activity in violation of § 1957 (Counts 21 and 22). Additionally, Counts 2 through 6, 8, and 15 through 22 include a charge of aiding and abetting in violation of 18 U.S.C. § 2. The indictment also contains a criminal forfeiture count (Count 23) against movant.

[2] Unless otherwise stated, all referenced documents refer to the number assigned in the underlying criminal action.

[3] Not long after they were indicted, the Hameses "fled the United States with their three minor children. In 2003, [they] were apprehended in Spain and extradited to the United States to stand trial in the Northern District of Texas." *United States v. Hames*, 122 Fed. App'x 706, 707 (5th Cir. 2004) (per curiam).

(Minute Entry, doc. 4.) On November 2, 2001, he entered a plea of not guilty, and the Court scheduled trial for January 8, 2002. (Minute Entry, doc. 11.)

Between November 29, 2001, and January 13, 2003, the Court granted five trial continuances sought by movant. (*See* Docs. 14-15, 17-18, 27-28, and 30-33.) On February 10, 2003, movant filed a "Speedy Trial Waiver" wherein he expressly "waive[d] his rights under both the Sixth Amendment of the United States Constitution and under 18 U.S.C. Section 3161, et seq. to obtain a speedy trial of this case for the time period from November 29, 2001 through . . . April 7, 2003." (*See* Doc. 34.) That same day, the Court signed an agreed order in which it specifically stated its reasons for granting the five unopposed motions for continuance:

> The defendant in this case, through counsel, has filed unopposed motions for continuances on November 29, 2001, January 7, 2001, June 17, 2002, October 7, 2002 and January 13, 2003. The defendant has filed a Speedy Trial Waiver for the time period from his first motion for continuance on November 29, 2001 through the current trial setting on the Court's four-week docket beginning April 7, 2003. The Court has considered the above pleadings and waiver and **FINDS**, pursuant to 18 U.S.C. § 3161(h)(8)(A), that the ends of justice served by granting the requested continuances outweigh the best interests of the public and the defendant in a speedy trial.
>
> The Court further **FINDS** that the following factors, among others, justify the said continuances:
>   1. The defendant requested each continuance "so that justice may be done."
>   2. The continuance ordered on December 4, 2001 was necessary to allow the defense to have enough time to fully investigate and evaluate the evidence and to enable defense counsel to prepare and fairly represent the interests of the accused.
>   3. The continuance ordered on January 9, 2002 was also necessary to allow the defense to have enough time to fully investigate and evaluate the evidence.
>   4. The continuances ordered on June 18, 2002, October 10, 2002 and January [15],[4] 2003 were necessary because the co-defendants, who may be necessary for the defense of Mr. Davis were then unavailable for trial.
>   5. The continuances ordered on June 18, 2002, October 10, 2002 and January [15], 2003 were also necessary in the interest of judicial economy. The co-defendants had been taken into custody and extradition proceedings were underway. The defendant had requested that the Court try his case together with the co-

---

[4] The Agreed Order mentions a January 10, 2003 continuance but the actual date is January 15, 2003.

defendants and to permit the Court to avoid the necessity of conducting two separate trials.

(Agreed Order, doc. 35.)[5]

On April 2, 2003, movant sought to reschedule his trial so that his codefendants would be available for his defense and so as to avoid separate trials. (*See* Unopposed Mot. Continuance, doc. 36.) The next day, the Court rescheduled trial for June 2, 2003; found "pursuant to 18 U.S.C. § 3161(h)(8)(A), that the ends of justice served by granting the requested continuances outweigh the best interests of the public and the defendant in a speedy trial"; and reiterated findings four and five from the February 10, 2003 order. (*See* Doc. 37.)

On May 12, 2003, the Hameses initially appeared before the Court after their extradition to Texas. (*See* Agreed Order (mentioning extradition proceedings); Minute Entries, docs. 38 and 41 (showing initial appearances).) The following day, movant sought to continue his trial to September 2003 so that the Hameses would be available for his defense and so as to avoid separate trials. (*See* Unopposed Mot. Continuance, doc. 44.) On May 14, 2003, the Court granted that motion without stating any on-the-record reasons for its ruling. (*See* Doc. 49.) On May 22, 2003, the Court scheduled a joint trial of all defendants for September 2003. (*See* Am. Pretrial Scheduling Order, doc. 61 (pertaining to movant); Pretrial Scheduling Order, doc. 62 (pertaining to the Hameses).) The Hameses commenced a series of motion filings the next day. (*See* Docs. 63-66 (filed May 23 and 28, 2003).)[6]

---

[5] The Court relied on the 1990 version of § 3161. Although the statute was amended effective October 13, 2008, the amendments are immaterial to the instant motion to vacate because the 1990 version "was applicable during the course of these proceedings." *United States v. Williams*, No. 07-30318, 2009 WL 605728, at *6 n.2 (5th Cir. Mar. 10, 2009) (per curiam). Furthermore, the 2008 amendments merely struck subparagraphs (h)(1)(B) and (C) and (h)(5) and redesignated the remaining subparagraphs to eliminate the gaps.

[6] The government filed responses to the motions on June 4, 2003. (*See* Docs. 67-68.) The Court's docket sheet does not reflect a ruling on the motions.

On July 2, 2003, the government moved to determine whether the Hameses were indigent based upon sworn testimony. (*See* Doc. 73.) The Court granted the government's motion two weeks later after a hearing in which it procured sworn financial affidavits of indigence from the Hameses. (*See* Doc. 76.) On July 17, 2003, the Hameses filed a joint motion for discovery, and on July 23, 2003, Robbie Hames filed an unopposed motion to continue the trial date. (*See* Docs. 77-78.) The Court granted the requested continuance on July 28, 2003, and rescheduled trial to November 3, 2003, without stating any on-the-record reasons for its ruling. (*See* Doc. 81.) On August 14, 2003, the Court approved funds for copying discovery materials and for an investigator after conducting a hearing on the joint discovery motion. (*See* Doc. 87.)

On October 17, 2003, the Court[7] rescheduled trial to January 12, 2004, on motion of codefendant Robbie Hames (doc. 96 filed Oct. 7, 2003). (*See* Doc. 97.) It specifically found "that the ends of justice outweigh the interests of the public and the defendant in a speedy trial" and excluded the delay from the continuance under 18 U.S.C. § 3161(h)(8)(A), (h)(8)(B)(i) and (iv). (*Id.*)

In a seventeen-count superseding indictment filed December 17, 2003, the government charged movant and the Hameses with many of the same offenses alleged in the original indictment as well as new offenses.[8] (*See* Superseding Indictment, doc. 99.) Following the superseding indict-

---

[7] On September 12, 2003, this case was reassigned to the undersigned District Judge after the previously assigned Senior District Judge recused himself due to the estimated trial length. (*See* Doc. 93.)

[8] Like its predecessor, the superseding indictment does not assert all charges against each defendant. It charges a conspiracy to commit health and mail fraud and to make false statements and obstruct a federal auditor in violation of 18 U.S.C. § 371 predicated on alleged violations of § 1001, 1341, 1347, and 1516(a) (Count 1); health care fraud in violation of § 1347 (Counts 2 and 3); mail fraud in violation of § 1341 (Count 4); making false statements in violation of § 1001 (Counts 5 through 9); obstructing a federal auditor in violation of § 1516 (Counts 10 and 11); conspiracy to commit money laundering in violation of § 1956(h) predicated on alleged violations of §§ 1956(a)(1)(B)(i) and 1957 (Count 12); money laundering in violation of §§ 1956(a)(1)(B)(i) and 1957(a) (Counts 13, 14, and 15); conspiracy to commit bank fraud in violation of § 371 predicated on alleged violation of § 1344 (Count 16); and bank fraud in violation of § 1344 (Count 17). In addition, Counts 2 through 6, 8, 13, 14, 15, and 17 include a charge of aiding and abetting in violation of 18 U.S.C. § 2. (*See* Superseding Indictment.) The Superseding Indictment also contains forfeiture allegations against movant and Robbie Hames. (*See id.* at 31-34.)

4

ment, the Court continued the trial setting to March 1, 2004, and excluded the delay for the same reasons stated in the order of October 17, 2003. (*See* Doc. 102.)

On February 27, 2004, the Court denied a motion to continue the trial, and voir dire commenced on March 1, 2004. (*See* Minute Entries, docs. 170, 172.) After fourteen days of trial, a jury deliberated for two days before finding movant and the Hameses guilty of all charged offenses. (*See* Minute Entries, docs. 170, 177-82, 184-85, 188-89, 191-92, 218-20; Jury Verdict, doc. 222.)

On December 21, 2004, the Court entered judgment against movant, sentenced him to seventy total months imprisonment, and ordered him and the Hameses to pay nearly three million dollars in restitution. (Judgment, doc. 285.) The Court also ordered movant to pay a special assessment of $1,100. (*Id.*) The convictions on Counts 12 through 15 resulted in the forfeiture of cash and property, and the convictions on Counts 16 and 17 resulted in the forfeiture of approximately $500,000. (*Id.*)

On June 12, 2006, the Fifth Circuit Court of Appeals affirmed movant's convictions but vacated his sentences in light of *United States v. Booker*, 543 U.S. 220 (2005) and remanded the case for re-sentencing. *See United States v. Hames*, 185 Fed. App'x 318, 325-26 (5th Cir. 2006) (per curiam). On October 18, 2006, the Court re-sentenced movant to sixty total months imprisonment and ordered the same restitution, special assessment, and forfeitures. (*See* Minute Entry, doc. 408; Am. Judgment, doc. 410.) Movant filed no appeal after the re-sentencing.

In November 2007, movant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 wherein he claims (1) violation of his Fifth Amendment due process rights; (2) violation of his Sixth Amendment right to a speedy trial; and (3) violation of his Sixth Amendment right to

effective assistance of trial[9] and appellate counsel relative to alleged violations of (a) the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74 ("the Act") and the violations of his constitutional rights to due process and a speedy trial. (*See* Mot. Correct, Amend, or Vacate Sentence & Conviction, doc. 415 [hereinafter "Mot. Vacate"].) In its response, the government argues that Claims 1 and 2 are procedurally barred, and that all claims lack merit. (*See* Resp. in Opp'n, doc. 5 in civil case [hereinafter "Resp."].) Movant thereafter filed a reply in which he maintains that his claims have merit and urges the Court to conduct an evidentiary hearing as to "[w]hether he was fully informed and counseled as to the effect of the numerous requests for additional time." (Petr.'s Reply to Resp., doc. 12 in civil action [hereinafter "Reply"].)

## II. PROCEDURAL BAR

Respondent argues that Claims 1 and 2 are procedurally barred from federal habeas review. Because it appears that movant is entitled to no relief on the alleged procedurally barred claims, the Court bypasses this procedural issue and proceeds to the merits of the claims. *Cf. Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004) (recognizing in § 2254 context that circumstances may warrant bypassing a question of procedural default when the allegedly barred claim is more easily resolved "by looking past any procedural default"). In this case, all of movant's claims and the government's invocation of the procedural default doctrine ultimately depend on whether movant's statutory or constitutional speedy trial rights were violated.

## III. RIGHT TO SPEEDY TRIAL

Movant argues that his statutory and constitutional rights to a speedy trial were violated by the twenty-eight month delay in bringing him to trial. He also argues that his statutory rights were

---

[9] Movant asserts that both his original trial attorney and the attorney who represented him after the appellate remand were ineffective. (*See* Mot. Vacate.) The Court generically refers to both attorneys as trial counsel.

6

violated because the superseding indictment violates the thirty-day requirement provided by 18 U.S.C. § 3161(b).

**A. <u>Statutory Rights</u>**

In general, the Speedy Trial Act, 18 U.S.C. §§ 3161-74, requires the government to indict a charged individual within "thirty days from the date on which such individual was arrested or served with a summons in connection with such charges" and bring a defendant to trial within seventy days after the defendant is publicly charged or makes an initial appearance, "whichever date last occurs." *See* 18 U.S.C. §§ 3161(b), (c)(1). However, § 3161(h) provides a detailed scheme for determining whether specified periods of delay are counted. *See Zedner v. United States*, 547 U.S. 489, 497 (2006). For example, § 3161(h)(1)(F) (now codified as (D)) excludes from the seventy-day period any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"; § 3161(h)(3)(A) excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness"; and § 3161(h)(7) (now codified as (h)(6)) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

Furthermore, § 3161(h)(8)(A) (now codified as (7)(A)) furnishes much of the Act's flexibility. *Zedner*, 547 U.S. at 498. It specifically excludes:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice

> served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A). "This provision gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs." *Zedner*, 547 U.S. at 499.

    **1.** *Alleged Violation of § 3161(b)*

Although movant was indicted prior to his arrest, he argues that the superseding indictment violates the thirty-day requirement of 18 U.S.C. § 3161(b). However, the timely filing of the original indictment "toll[s] the clock for purposes of the filing of the superseding indictment" when the later indictment charges "the same statutory violations based on the same underlying circumstances." *See United States v. Perez*, 217 F.3d 323, 328-29 (5th Cir. 2000). In addition, a superseding indictment which adds new charges to a timely filed original indictment does not violate the Speedy Trial Act. *See United States v. Hemmings*, 258 F.3d 587, 591-92 (7th Cir. 2001). The Speedy Trial Act does not require that an arrested individual be charged in the original indictment "with every crime known to the government." *Id.* at 592 (citation omitted); *accord United States v. Bailey*, 111 F.3d 1229, 1235-36 (5th Cir. 1997) (noting narrow construction of § 3162(a)(1) and clear mandate that an untimely indictment only impacts charges contained in original complaint or other accusatory instrument); *United States v. Giwa*, 831 F.2d 538, 541 (5th Cir. 1987) (construing § 3162(a)(1) to require dismissal of only the original charges that led to the arrest when an indictment is untimely filed).

The superseding indictment in this case charges the same violations as the original indictment based on the same underlying circumstances. That the superceding indictment contains new

charges does not make it untimely under § 3161(b). For all of these reasons, the Court finds no violation of § 3161(b).

### 2. *Alleged Violation of § 3161(c)*

Movant also argues that he was not brought to trial within seventy days as required by 18 U.S.C. § 3161(c).

A failure to bring a defendant to trial within the time limit established in § 3161(c) as extended by § 3161(h) will result in the dismissal of the relevant indictment "on motion of the defendant." *See* 18 U.S.C. § 3162(a)(2). However, a defendant's failure "to move for dismissal prior to trial . . . constitute[s] a waiver of the right to dismissal" under § 3162(a)(2). This provision effectively "allows a defendant to waive a completed violation of the Act." *Zedner v. United States*, 547 U.S. 489, 502 (2006). Because movant did not move for dismissal under § 3162(a)(2) before he proceeded to trial, he has waived the alleged violation of § 3161(c). That conclusion, however, does not end the inquiry because movant claims that he did not move for dismissal due to ineffective assistance of his trial attorney. The Court thus further examines whether there was any violation of § 3161(c) with respect to movant.

In this instance, after being jointly indicted with the Hameses, movant was arrested and initially appeared before the Court on October 22, 2001, and the Court promptly scheduled trial for January 8, 2002. Under § 3161(c)(1), the October appearance would typically commence the seventy-day period. *See United States v. Lopez-Valenzuela*, 511 F.3d 487, 491-92 (5th Cir. 2007). However, in a multi-defendant case where § 3161(h)(7) applies,[10] the speedy trial clock does not

---

[10] The court record as a whole reflects the applicability of § 3161(h)(7). (*See, e.g.*, Agreed Order (finding the continuances of June 2002; October 2002; and January 2003 necessary for judicial economy so as to avoid two separate trials); Unopposed Mot. Continuance (doc. 36) (relying on judicial economy of a joint trial as one basis for continuance); Order of July 28, 2003 (resetting the trial for all three defendants to Nov. 3, 2003); Order of Sept. 19, 2003 (doc. 94) (resetting pretrial conference for all defendants to Oct. 22, 2003).) Although the Court may have initially scheduled trial only for movant (*see* Pretrial Scheduling Order, doc. 10), such schedule did not eliminate the joint nature

commence "until the last codefendant makes his initial appearance in court." *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998) (citing *United States v. Calle*, 120 F.3d 43, 46 (5th Cir. 1997)). The last codefendants in this case made their initial appearance on May 12, 2003. In this case, it does not matter whether the seventy-day period commenced on October 22, 2001, or May 12, 2003, because there is no speedy trial violation under either scenario. In an abundance of caution, the Court will calculate the seventy-day period from October 22, 2001.[11]

Between his initial appearance in this Court and his first motion to continue the trial date submitted on November 29, 2001, no more than twenty-six days count toward the seventy-day period for proceeding to trial.[12]

Based upon the reasons for the court-ordered continuances as set out in the Agreed Order dated February 10, 2003, the time period between November 29, 2001, and April 7, 2003 is excluded from the speedy trial calculations. *See* 18 U.S.C. § 3161(h)(8)(A) and (B)(iv). The Court specifically premised the December 2001 and January 2002 continuances on a need for effective preparation. It premised the June 2002; October 2002; and January 2003 continuances on (1) the

---

of movant's criminal case. Furthermore, as shown by the Agreed Order entered on February 10, 2003, movant wanted a joint trial with his codefendants, and the Court's reliance on the judicial economy of a single trial as a basis for continuing the trial date clearly exhibits that movant was joined for trial with his codefendants.

[11] It is unnecessary to consider whether the superceding indictment reset the speedy trial clock. *Compare United States v. Parker*, 505 F.3d 323, 327-28 (5th Cir. 2007) (resetting speedy trial clock based upon a superceding indictment that did not "merely correct[] the indictment") *with United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994) (recognizing that "[t]he filing of a superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment or any offense required to be joined under double jeopardy principles"). The Court will assume without deciding that the speedy trial clock was not reset based upon the superseding indictment filed in December 2003.

[12] The day movant was arraigned does not count. *See* 18 U.S.C. § 3161(h)(1) ("[a]ny period of delay resulting from other proceedings concerning the defendant"). In addition, another ten days are excluded under § 3161(h)(1)(F) due to pending pretrial motions. *See United States v. Moody*, No. 4:06-CR-088-Y, 2007 WL 2051240, at *3 (N.D. Tex. July 13, 2007) (finding that delay caused by pretrial motions filed by the government is excluded under § 3161(h)(1)(F)). Furthermore, because the availability of the Hameses as witnesses did not become a basis to continue his trial setting until the June 18, 2002 continuance (*see* Agreed Order), the Court does not consider an exclusion of this time under § 3161(h)(3)(A).

10

unavailability of the Hameses who may have been necessary for movant's defense and (2) movant's request for a joint trial with the Hameses. The unavailability of the Hameses reflects a need for a continuance so that counsel could effectively prepare for trial even though the Court did not specifically mention a need for preparation. Section 3161(h)(8)(A) does not require courts to use magic words to state an adequate reason for a continuance. *See United States v. Breen*, 243 F.3d 591, 597 (2d Cir. 2001). Furthermore, § 3161(h)(8)(A) does not mandate that the reasons for the continuance be contemporaneously set out in the order of continuance. *See Zedner v. United States*, 547 U.S. 489, 506-07 & n.7 (2006); *United States v. Moody*, No. 4:06-CR-088-Y, 2007 WL 2051240, at *3-4 (N.D. Tex. July 13, 2007). The continuances between December 4, 2001, and January 15, 2003, (docs. 15, 18, 28, 31, and 33) satisfy the § 3161(h)(8)(A) requirements through the stated reasons in the Agreed Order dated February 10, 2003.

Likewise, the time from April 7, 2003, through June 2, 2003; and from October 17, 2003, through the date trial commenced on March 1, 2004, is excluded under § 3161(h)(8)(A) based upon motions for continuances filed in April, October, and December 2003, and the orders granting the requested continuances.

However, because the Court stated no reasons for the May and July 2003 continuances on the record, the time between June 2 and October 17, 2003, is arguably not excludable under § 3161(h)(8)(A). The Court need not definitively decide that issue because such time period is excludable under other provisions of § 3161(h). Fifteen days of July 2003 are excludable under § 3161(h)(1)(F) based upon the July 16, 2003 resolution of the government's July 2, 2003 motion. Furthermore, much of the remaining period is excludable to movant through § 3161(h)(7). When § 3161(h)(7) applies, "the excludable delay of one codefendant may be attributable to all code-

fendants." *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007) (quoting *Franklin*, 148 F.3d at 455).

Based upon their various motions filed before and during the relevant time period, the following time periods are excludable to the Hameses: (1) May 23, 2003, through July 4, 2003;[13] (2) July 17, 2003, through August 14, 2003, (filing of doc. 77 through its resolution); (3) August 29, 2003, through September 9, 2003, (filing of doc. 89 through its resolution); and (4) October 7, 2003, through October 17, 2003, (filing of doc. 96 through its resolution). *See* 18 U.S.C. § 3161(h)(1)(F). Such delay, however, is not automatically attributed to movant because any period of delay excluded under § 3161(h)(7) must be reasonable. *See Stephens*, 489 F.3d at 654.

The courts measure the reasonableness of the delay by "reference to either (1) 'the totality of the circumstances prior to trial'; or (2) 'the actual prejudice suffered by the appellant' as a result of the delay." *Id.* (quoting *Franklin*, 148 F.3d at 457). When examining the totality of the circumstances, the focus is "on the necessity of the delay, giving proper consideration 'to the purpose behind subsection (h)(7) – accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir. 2002) (citation and internal quotation marks omitted). Relevant considerations regarding the prejudice prong "include whether the delay impaired the [defendant's] ability to defend himself or resulted in excessive pretrial incarceration." *Stephens*, 489 F.3d at 654 (quoting *Franklin*, 148 F.3d at 457). In light of the fact-intensive nature of the reasonableness inquiry, the courts consider § 3161(h)(7) exclusions on a case-by-case basis. *Id.*

---

[13] This period commences with the filing of a discovery motion (doc. 63) on May 23, 2003. Once the government filed its response to the motion on June 4, 2003, the Court had received all papers that it reasonably could expect regarding the motion because no one requested leave to file a reply brief. *See* LCrR 47.1(e) (permitting a response to a motion) and (f) (allowing a reply brief only upon leave of court on proper request). Upon receiving the response, the motion was "under advisement" and 18 U.S.C. § 3161(h)(1)(J) (now (H)) limits the delay to thirty days thereafter. *United States v. Johnson*, 29 F.3d 940, 942-43 (1994).

The totality of the circumstances in this case warrant finding the delay attributed to the Hameses between June and October 2003 reasonable, and thus excludable as to movant under § 3161(h)(7). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The preference is particularly strong when defendants are charged with conspiracy. *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005); *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994). Section 3161(h)(7) exclusions promote that preference. *Stephens*, 489 F.3d at 654. Although Fed. R. Crim. P. 14(a) provides a means for a defendant to obtain relief from a prejudicial joinder, nothing of record indicates that movant sought any relief from being joined with the Hameses. To the contrary, the record reflects that movant desired a joint trial. Once the Hameses initially appeared in this case on May 12, 2003, after their extradition to Texas, they commenced filing a number of pretrial motions, which resulted in delays that are properly excluded under § 3161(h)(1)(F), and permissibly attributed to movant through § 3161(h)(7).

The delay is not unreasonable merely because movant alleges prejudice. This case presents no issue of excessive pretrial incarceration – movant was released on bond at his initial appearance. (*See* Order Setting Conditions of Release, doc. 5.) In addition, nothing of record indicates that any delay between June 2 and October 17, 2003, impaired movant's ability to defend himself. To show prejudice based on such impairment, movant must show an "actual, substantial prejudice to the defense at trial . . . a showing of mere potential or possible trial prejudice does not suffice." *United States v. Jackson*, 549 F.3d 963, 970 (5th Cir. 2008), *cert. filed*, No. 08-8713 (2009). Mere speculation does not evince "an actual loss of evidence that would have aided the defense." *Id.*

Although movant claims that he was prejudiced by a loss of witnesses, the claim is conclusory and unsupported. He provides nothing beyond his own statements as to what testimony the

missing witnesses would have provided. While he characterizes their testimony as "crucial", he provides no basis for that characterization or any independent indicia of the importance of the testimony or that he intended to call them as witnesses. He has pointed to no witness list where he listed them as a witness.[14] He has provided no affidavit of counsel which shows that counsel intended to call the witnesses at trial but was unable to locate them. In short, he has shown no actual, substantial prejudice to his defense.

For all of these reasons, the Court finds no violation of 18 U.S.C. § 3161(c). Given the exclusions noted above, the seventy-day period never elapsed.

**B. Constitutional Right to Speedy Trial**

Movant also argues that the twenty-eight month delay in bringing him to trial violates his constitutional right to a speedy trial.

The Sixth Amendment affords criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. In determining whether that right has been violated, the courts should evaluate and balance the following factors: "(1) length of the delay, (2) the reason for [it], (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay." *United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir. 2006) (relying on *Barker v. Wingo*, 407 U.S. 514 (1972) and quoting *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir. 2002)). When the time from indictment to trial exceeds one year, the courts undertake "a full *Barker* analysis, looking to the first three factors to decide whether prejudice will be presumed." *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007) (citations omitted). Only if the first three factors "weigh 'heavily' in the defendant's favor" may prejudice be presumed. *Id.*

---

[14] Notably, the government's witness list dated February 25, 2004, includes one of the four alleged crucial witnesses with her address. (*See* Doc. 146 (listing Glenna Royal with her address).)

14

(quoting *Hernandez*, 302 F.2d at 421). In all other cases, the defendant must demonstrate actual prejudice. *Id.*

The three initial *Barker* factors do not weigh even slightly in favor of defendant. The twenty-eight month delay in this case is insufficient of itself to presume prejudice. *See id.* ("delays of less than five years are not enough, by duration alone, to presume prejudice"). As discussed in the prior section, movant's own motions to continue the trial date (or similar motions filed by other defendants without objection) constitute the primary reason for the twenty-eight month delay. As for movant's diligence in asserting his Sixth Amendment right, the Court finds no diligence on his part. Not only did he personally seek multiple continuances of his trial setting, but he did not object when other defendants sought continuances. Movant did not assert his Sixth Amendment right until filing the instant motion to vacate. For all of these reasons, the initial three *Barker* factors do not weigh in favor of defendant. Therefore, defendant must affirmatively show that he was prejudiced by the delay. As discussed in the prior section, he has not made such showing.

For the foregoing reasons, the Court finds no violation of the Sixth Amendment right to a speedy trial.

## IV.  DUE PROCESS

Movant argues that his Fifth Amendment due process rights were violated when the Court (1) accepted and applied prospective waivers of the Speedy Trial Act and (2) failed to automatically dismiss the superseding indictment as violative of the thirty-day provision of the Speedy Trial Act.

To support a Fifth Amendment due process violation, movant must show actual prejudice. *United States v. Crouch*, 84 F.3d 1497, 1515 n.26 (5th Cir. 1996). Because there has been no violation of the thirty-day provision in this case, the Court had no reason to dismiss the superseding indictment on that basis. Furthermore, the Court has found no violation of the Speedy Trial Act on

the facts of this case. Because a waiver is not necessary to exclude time under the Act, *see Zedner v. United States*, 547 U.S. 489, 500-01 (2006); *United States v. Storey*, 927 F. Supp. 414, 415-16 (D. Kan. 1996), the purported waiver had no impact on the speedy trial calculations. Movant's claims based upon a Fifth Amendment violation fail for lack of prejudice.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that he received ineffective assistance of trial and appellate counsel relative to his alleged violations of the Speedy Trial, his Sixth Amendment right to a speedy trial, and his Fifth Amendment right to due process.

To successfully state a claim of ineffective assistance of trial or appellate counsel, movant must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either of these prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Because the Court has found no violation of the Speedy Trial Act or the Fifth and Sixth Amendments, counsel did not render ineffective assistance by failing to move for dismissal of any indictment or failing to raise the alleged violations on appeal. "Counsel cannot be deficient for failing to press a frivolous point." *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Nor is "counsel . . . required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). An appellate attorney does not render deficient representation by failing to raise a frivolous issue on appeal. *Phillips*, 210 F.3d at 348. Movant, furthermore, has shown no

reasonable probability that in the absence of the alleged deficiencies of counsel the result of his criminal proceedings would have differed.

For the foregoing reasons, movant's claims of ineffective assistance of counsel entitle movant to no relief in this action.

### VI.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary.  No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief on the claims raised in his motion to vacate.

In his reply brief, movant seeks an evidentiary hearing to determine whether he was fully informed and counseled as to the effect of the numerous requests for continuances.  Such determination is unnecessary to resolve the claims raised in the motion to vacate.

### VII. CONCLUSION

For the foregoing reasons, the Court **DENIES** movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

**SIGNED this 28th day of October, 2009.**

*[signature]*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

17